UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, MULE CREEK STATE PRISON,<br><br>　　　　　　Respondent. | No. 2: 19-cv-0251 KJN P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

On February 8, 2019, petitioner filed the original petition. (ECF No. 1.) On March 11, 2019, petitioner filed an amended petition. (ECF No. 11.) The undersigned herein addresses the claims raised in the amended petition.

For the reasons stated herein, petitioner is ordered to show cause why this action should not be dismissed based on petitioner's failure to exhaust state court remedies.

////

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner alleges that in 2008, he was sentenced to 27 years-to-life. In the instant action, petitioner appears to argue that he is entitled to resentencing pursuant to Proposition 36 and Proposition 47. In November 2014, California voters approved Proposition 47, which allowed defendants with prior convictions for certain felony offenses to petition California courts to reclassify those convictions as misdemeanors. See Cal. Penal Code § 1170.18(f)-(h), (k).

On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended California Penal Code sections 667 and 1170.12 and added section 1170.126. Among other things, section 1170.126 created a post-conviction release proceeding whereby prisoners serving indeterminate life sentences imposed under the Three Strikes Law could apply for a reduction in their sentences. Specifically, section 1170.126 allows such prisoners to have their sentences recalled and to be sentenced as second strike offenders where the current offense is not a serious or violent felony. See People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013).

After reviewing the amended petition, it does not appear that petitioner has sought resentencing pursuant to Proposition 36 or Proposition 47 in any California court. Petitioner does not cite any state court action filed after the enactment of either Proposition 36 or Proposition 47. Because petitioner does not appear to have raised his claims for relief in any state court action, petitioner is ordered to show cause why this action should not be dismissed based on his failure to exhaust state court remedies prior to filling this action.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motions to proceed in forma pauperis (ECF No. 3, 5, 7, 12) are granted;

2. Within thirty days of the date of this order, petitioner shall show cause why this action should not be dismissed based on his failure to exhaust state court remedies; failure to respond to this order will result in a recommendation of dismissal of this action.

Dated: March 21, 2019

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Wren251.osc