UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MULE CREEK STATE PRISON,<br><br>Respondent. | No. 2: 19-cv-0251 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends that this action be dismissed.

This action proceeds on the first amended petition filed March 11, 2019. (ECF No. 11.) Petitioner alleges that in 2008, he was sentenced to 27 years-to-life after being convicted of felony drunk driving. Petitioner appears to argue that he is entitled to resentencing pursuant to Proposition 36 and Proposition 47.

In November 2014, California voters approved Proposition 47, which allowed defendants with prior convictions for certain felony offenses to petition California courts to reclassify those convictions as misdemeanors. See Cal. Penal Code § 1170.18(f)-(h), (k).

/////

1

On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended California Penal Code sections 667 and 1170.12 and added section 1170.126. Among other things, section 1170.126 created a post-conviction release proceeding whereby prisoners serving indeterminate life sentences imposed under the Three Strikes Law could apply for a reduction in their sentences. Specifically, section 1170.126 allows such prisoners to have their sentences recalled and to be sentenced as second strike offenders where the current offense is not a serious or violent felony. See People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013).

On March 21, 2019, the undersigned ordered petitioner to show cause why this action should not be dismissed for his failure to exhaust state court remedies. (ECF No. 13.) Since March 21, 2019, petitioner filed thirty-one pleadings. (See ECF Nos. 14-44.) After reviewing the record, it appears likely that petitioner has not sought resentencing in state court pursuant to Proposition 36 or Proposition 47.

In his pleadings, petitioner cites only one state court action filed after enactment of Propositions 36 and 47. In a pleading filed May 3, 3019, petitioner attaches a docket from the California Court of Appeal indicating that he filed a habeas corpus petition on December 26, 2018.[1] (ECF No. 43 at 3.) The California Court of Appeal denied this petition. (Id. at 3, 5.) It is unclear whether the petition filed in the California Court of Appeal raised claims regarding Propositions 36 and 47.

For the reasons stated herein, this action should be dismissed for lack of jurisdiction if petitioner has not sought resentencing in any state court pursuant to Proposition 36 and Proposition 47. In the alternative, if the habeas petition filed in the California Court of Appeal raised claims regarding Proposition 36 and Proposition 47, this action should be dismissed for lack of exhaustion.

---

[1] A motion for resentencing under Proposition 36 should be submitted to the trial court that entered the judgment of conviction. People v. Superior Court (Kaulick), 215 Cal.App.4th 1279, 1289 (2013), citing Cal. Penal Code § 1170.126(b). A motion for resentencing under Proposition 47 should also be submitted to the sentencing court. People v. Rivera, 233 Cal.App.4th 1085, 1092 (2015), citing Cal. Penal Code § 1170.18(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Petitioner has not presented his claims regarding Propositions 36 and 47 to the California Supreme Court. Therefore, these claims are not exhausted.

Article III of the United States Constitution requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). This court does not have jurisdiction if there is no case or controversy. Preiser v. Newkirk, 422 U.S. 395, 401 (1974).

It appears more likely that petitioner has not sought resentencing in state court pursuant to Proposition 36 or Proposition 47. Therefore, petitioner has not suffered an actual injury because no state court has denied his request for resentencing pursuant to either Proposition 36 or Proposition 47. Because no case or controversy exists, this court lacks jurisdiction to consider petitioner's claims that he is entitled to relief pursuant to Propositions 36 and 47.

Attached to the amended petition is another petition which appears to seek information regarding two habeas petitions previously filed by petitioner in this court, i.e., 2:10-cv-1735 MCE EFB P, and 2:10-cv-1924 FCD KJN P. Court records indicate that petitioner challenged his felony drunk driving conviction in both 10-1735 and 10-1924.[2] The court dismissed 10-1735 on February 7, 2011, after petitioner failed to file an opposition to respondent's motion to dismiss, which argued that petitioner failed to exhaust state court remedies. The court dismissed 10-cv-1924 on January 5, 2011, as duplicative of 10-1735.

////

////

---

[2] The court may take judicial notice of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 16, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wren251.fr