UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MULE CREEK STATE PRISON,<br><br>Respondent. | No. 2:19-cv-0251 WBS KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 16, 2019, the undersigned recommended that this action be dismissed. (ECF No. 51.) For the reasons stated herein, the findings and recommendations are vacated, and petitioner is ordered to file a second amended petition.

The May 16, 2019 findings and recommendations addressed the first amended petition filed March 11, 2019. (ECF No. 11.) Petitioner alleged that in 2008, he was sentenced to 27 years-to-life after being convicted of felony drunk driving. Petitioner appeared to argue that he was entitled to resentencing pursuant to Proposition 36 and Proposition 47.

On May 16, 2019, the undersigned recommended that petitioner's claims based on Proposition 36 and Proposition 47 be dismissed on the alternative grounds that the claims were

1

not exhausted, and the court lacked jurisdiction to consider these claims. (ECF No. 51.) In the findings and recommendations, the undersigned observed that petitioner had filed two other habeas corpus petitions in this court, i.e., 2:10-cv-1735 MCE EFB P, and 2:10-cv-1924 FCD KJN P. Petitioner challenged his felony drunk driving conviction in these petitions. The court dismissed case 10-1735 on February 7, 2011, after petitioner failed to file an opposition to respondent's motion to dismiss, which argued that petitioner failed to exhaust state court remedies. The court dismissed case 10-1924 on January 5, 2011, as duplicative of case 10-1735.

On May 24, 2019, petitioner filed a letter with the court which appears to state that he is not challenging Proposition 36 and Proposition 47 in the instant action. (ECF No. 56.) Petitioner appears to allege that the instant action challenges his felony drunk driving conviction. Accordingly, the May 16, 2019 findings and recommendations are vacated.

On May 31, 2019, the Ninth Circuit Court of Appeals filed an order in this action stating that petitioner had filed an application to file a second or successive petition in this court. (ECF No. 60.) The Ninth Circuit denied this motion as unnecessary because petitioner had a habeas corpus petition currently pending in this court, i.e., the instant action. The Ninth Circuit directed the Clerk of the Court to transfer the petition filed in the Ninth Circuit to this court and to file it as an amended petition in the instant action.

In the amended petition, transferred from the Ninth Circuit, petitioner clearly challenges his felony drunk driving conviction. (ECF No. 59.) However, the amended petition is filed on an application for leave to file a second or successive petition. For this reason, it is unclear whether the amended petition contains all of the grounds petitioner seeks to raise. For this reason, the amended petition (ECF No. 59) is dismissed with leave to file a second amended petition. The second amended petition shall be prepared on the form provided by the court. The second amended petition shall clearly state all grounds on which petitioner challenges his felony drunk driving conviction. The amended petition may be no longer than ten pages.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 16, 2016 findings and recommendations (ECF No. 51) are vacated;

2. The amended petition (ECF No. 59) is dismissed with thirty days to file a second

amended petition;

3. The Clerk of the Court is directed to send petitioner a form for a habeas corpus petition pursuant to 28 U.S.C. § 2254.

Dated: June 20, 2019

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wr251.vac