1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

JEFFREY CHARLES WREN,

No.  2: 19-cv-0251 WBS KJN P

12

Petitioner,

13

v.

ORDER & FINDINGS &
RECOMMENDATIONS

14

WARDEN ROSEMARY NDOH,

15

Respondent.

16

17

Introduction

18          Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2008 Placer County conviction for

20   driving under the influence of alcohol (count one) and driving with a level of blood alcohol 0.08

21   percent or greater (count two).  (ECF No. 100-5 at 1.)  The trial court also found that petitioner

22   had thee prior convictions for driving under the influence, committed his present offenses while

23   on bail, had a prior prison term, and that his two 1991 felony convictions for violating California

24   Penal Code § 288(a) counted as strikes under California's three strikes law.  (Id. at 1-2.)

25          Petitioner was sentenced to 25 years-to-life on count one.  (Id. at 2.)  The trial court stayed

26   the sentence on the other count and the enhancements.  (Id.)

27          After filing his notice of appeal, petitioner pled no contest to possession of

28   methamphetamine in an unrelated case, for which the second court imposed a concurrent two year

1

1   sentence and lifted the stay on the enhancement in the instant case for committing the offense on

2   bail, resulting in a minimum term of 27 years.  (Id. at 3 n. 2.)

3        This action proceeds on the second amended petition.  (ECF No. 67.)  The claims raised in

4   the second amended petition are difficult to understand.  On November 8, 2019, the undersigned

5   issued an order finding that the second amended petition raised the following claims:

6   1) petitioner's sentence violates the Eighth Amendment; 2) petitioner is entitled to resentencing

7   pursuant to Proposition 36; and 3) petitioner is entitled to resentencing pursuant to Proposition

8   57.  (ECF No. 73.)  The undersigned ordered respondent to respond to these three claims.  (Id.)

9        Pending before the court is respondent's motion to dismiss.  (ECF No. 99.)  Respondent

10   raises the following arguments:  1) the petition is untimely; 2) petitioner's claims for resentencing

11   pursuant to Propositions 36 and 57 are not exhausted; and 3) petitioner's claims for resentencing

12   pursuant to Propositions 36 and 57 fail to state cognizable federal claims.

13        For the reasons stated herein, the undersigned recommends that respondent's motion be

14   granted.

15   Motion to Substitute Respondent

16        On December 2, 2019, petitioner filed a motion to substitute the Warden of Avenal State

17   Prison (Avenal), Rosemary Dhoh, as respondent based on his transfer to Avenal.  (ECF No. 80.)

18   Good cause appearing, petitioner's motion is granted.  See Brittingham v. United States, 982 F.2d

19   378, 379 (9th Cir. 1992).

20   Statute of Limitations

21        Title 28 U.S.C. § 2244 mandates a one-year statute of limitations within which an inmate

22   must file a federal habeas corpus petition, subject to tolling provisions and certain exceptions.  It

23   states:

24        (d)(1) A 1-year period of limitation shall apply to an application for
         a writ of habeas corpus by a person in custody pursuant to the
25       judgment of a State court. The limitation period shall run from the
         latest of--
26
         (A) the date on which the judgment became final by the conclusion
27       of direct review or the expiration of the time for seeking such review;

28       (B) the date on which the impediment to filing an application created

by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that the statute of limitations in the instant case is calculated pursuant to 28 U.S.C. § 2244(d)(1)(A), i.e., the date petitioner's conviction became final. The undersigned agrees that the statute of limitations for petitioner's Eighth Amendment claim is calculated pursuant to 28 U.S.C. § 2244(d)(1)(A). However, the statute of limitations for petitioner's claims based on Propositions 36 and 57 is calculated pursuant to 28 U.S.C. § 2244(d)(1)(D).

"Petitioner's opportunity to seek resentencing [pursuant to Proposition 36] arose with California's adoption of Proposition 36 on November 7, 2012." Fadden v. Vasquez, 2017 WL 3720045, at *3 (E.D. Cal. Aug. 29, 2017). "Its provisions became effective the next day." Id. Pursuant to 28 U.S.C. § 2244(d)(1)(D), petitioner had one year from the effective date of Proposition 36 to file a timely federal petition.

Proposition 57 was approved by voters on November 8, 2016, and became effective the next day. Chavez v. Davey, 2019 WL 2062539, at *2 (C.D. Cal. March 2019). Pursuant to 28 U.S.C. § 2244(d)(1)(D), petitioner had one year from the effective date of Proposition 57 to file a timely federal petition.

Because respondent does not address whether petitioner's claims pursuant to Propositions 36 and 57 are timely pursuant to 28 U.S.C. § 2244(d)(1)(D), the undersigned finds that respondent has not demonstrated that these claims are not timely. Accordingly, the motion to dismiss petitioner's claims pursuant to Propositions 36 and 57 as untimely should be denied.

3

1   Turning to petitioner's Eighth Amendment claim, the California Supreme Court denied

2   review on July 29, 2009.  (ECF No. 100-7.)  Therefore, petitioner's conviction was final when the

3   ninety-day period for filing a petition for writ of certiorari expired on October 27, 2009.

4   Velasquez v. Kirkland, 639 F.3d 964, 965 (9th Cir. 2011).  The statute of limitations commenced

5   the following day, October 28, 2009.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

6   Respondent argues that the statute of limitations ran on October 27, 2010, and that the instant

7   action, filed January 23, 2019, is not timely.[1]  (See ECF No. 1 at 15.)

8   The undersigned finds that petitioner's Eighth Amendment claim is not timely unless he is

9   entitled to statutory or equitable tolling.[2]

10   Respondent argues that petitioner is not entitled to statutory tolling pursuant to 28 U.S.C.

11   § 2244(d)(2) because petitioner failed to file any state post-conviction collateral actions

12   challenging the at-issue judgment within the one-year limitation period.  Respondent correctly

13   argues that petitioner's first three state habeas petitions filed and denied before the statute of

14   limitations began to run on October 28, 2009, as discussed herein, do not qualify for statutory

15   tolling.  Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (Although the filing of a state habeas

16   petition "would otherwise have tolled the running of the federal limitations period, since it was

17   denied before that period had started to run, it had no effect on the timeliness of the ultimate

18   federal filing.")

19   Petitioner filed a habeas corpus in the Placer County Superior Court on July 16, 2009,

20   which the court denied on August 13, 2009.[3]  (ECF Nos. 100-8, 100-9.)  Petitioner filed a habeas

21

22   [1]  The undersigned calculates the filing date of this action based on the mailbox rule.

23   [2]  On direct appeal, petitioner argued that his sentence was unconstitutional.  (ECF No. 100-5 at
24   7.)  On May 21, 2009, the California Court of Appeal found that petitioner forfeited his claim
     alleging that his sentence was cruel and/or unusual by failing to raise this issue in the trial court.
25   (Id.)  Instead, the California Court of Appeal, "confine[d] [itself] to stating the rigorous criteria
     for finding a constitutional violation, and making the observation that the defendant does not
26   satisfy them."  (Id. at 8.)  The California Court of Appeal found that petitioner's sentence did not
     violate the Eighth Amendment.  (Id. at 9, n. 4.)

27
28   [3]  The motion to dismiss lists petitioner's twenty-seven state court petitions.  (ECF No. 99 at 2-
     7.)  The court appreciates this information.

4

1    corpus petition in the Placer County Superior Court on August 12, 2009, which the court denied

2    on September 1, 2009.  (ECF Nos. 100-10, 100-11.)  Petitioner filed a habeas corpus petition in

3    Placer County Superior Court on September 23, 2009, which the court denied on October 16,

4    2009.  (ECF Nos. 100-12, 100-13.)  Because these petitions were filed and denied before the

5    statute of limitations commenced on October 28, 2009, these petitions do not qualify for statutory

6    tolling.

7         Petitioner did not file his fourth state habeas petition until October 11, 2011, which was

8    nearly one year after the statute of limitations ran on October 27, 2010.  (ECF No. 100-14.)

9    Because petitioner did not file his fourth (and later) state habeas petitions until after the statute of

10   limitations ran, respondent correctly argues that petitioner is not entitled to statutory tolling for

11   these state petitions.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244

12   does not permit the re-initiation of the limitations period that has ended before the state petition

13   was filed.")

14        As observed by respondent, petitioner previously filed federal petitions challenging his

15   2008 Placer County drunk driving conviction, 2:10-cv-1735 MCE EFB P, 2:10-1924 FCD KJN P,

16   2:11-cv-2823 KJM EFB P.[4]  The court dismissed case 10-1735 on February 7, 2011, after

17   petitioner failed to file an opposition to respondent's motion to dismiss, which argued that

18   petitioner failed to exhaust state court remedies.  The court dismissed case 10-1924 on January

19   10, 2011, as duplicative of case 10-1735.  The court dismissed case 11-2823 on June 19, 2012, for

20   failing to file an in forma pauperis affidavit.  Respondent correctly observes that these federal

21   habeas petitions do not toll the statute of limitations.[5]  Duncan v. Walker, 533 U.S. 167, 181-82

22   (2001) (a pending federal habeas petition does not statutorily toll the statute of limitations).

23        For the reasons discussed above, petitioner is not entitled to statutory tolling as to his

24   Eighth Amendment claim.  This claim is barred by the statute of limitations absent equitable

---

[4]   The court may take judicial notice of court records.  Mullis v. United States Bank Ct., 828 F.2d 1385 n. 9 (9th Cir. 1987).

[5]   Since the filing of the instant action, petitioner has filed another habeas corpus petition in this court challenging his 2008 Placer County drunk driving conviction, 2:20-cv-499 WBS KJN P.

1    tolling.

2           The limitations period for Section 2254 petitions is subject to equitable tolling in

3    appropriate circumstances.  Holland v. Florida, 560 U.S. 631, 645-49 (2010).  However,

4    application of the equitable tolling doctrine is the exception rather than the norm.  See, e.g.,

5    Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth

6    Circuit's "application of the doctrine" as "sparing" and a "rarity"); Miles v. Prunty, 187 F.3d

7    1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").

8           A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been

9    pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

10   prevented timely filing."  Holland, 560 U.S. at 649 (citation omitted); see also Pace v.

11   DiGuglielmo, 544 U.S. 408, 418 (2005).  Both elements must be met.  See 544 U.S. at 418

12   (finding that the petitioner was not entitled to equitable tolling, because he had not established the

13   requisite diligence).  A petitioner seeking application of the doctrine bears the burden of showing

14   that it should apply.  Id.; see also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (to receive

15   equitable tolling, the petitioner must prove the above two requirements).

16          In response to the motion to dismiss, petitioner filed two oppositions.  (ECF Nos. 104,

17   107.)  In addition to the oppositions, petitioner filed other pleadings after the motion to dismiss

18   was filed.  (ECF Nos. 101, 102, 105, 106, 109).  None of these pleadings contain a clear argument

19   for equitable tolling as to petitioner's Eighth Amendment claim.[6]  For these reasons, petitioner is

20   not entitled to equitable tolling as to his Eighth Amendment claim.[7]

21          Accordingly, for the reasons discussed above, the undersigned finds that petitioner's

22   Eighth Amendment claim is barred by the statute of limitations.

23

24   [6]  Petitioner's February 12, 2020 pleading docketed as "Request to Amend Tolling" (ECF No.

25   102), may be raising claims for equitable tolling as to petitioner's claims pursuant to Propositions 36 and 57.

26
27   [7]  Petitioner's pleadings suggest that petitioner is ignorant of the law.  However, petitioner's ignorance of the law is not a basis for equitable tolling.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding ignorance of the law" and "lack of legal sophistication is not, by

28   itself, an extraordinary circumstance warranting equitable tolling.")

1 | Are Petitioner's Claims Pursuant to Propositions 36 and 57 Cognizable?

2 |        Petitioner argues that he is entitled to resentencing pursuant to Propositions 36 and 57.

3 | Respondent moves to dismiss these claims on the grounds that they are not cognizable in federal

4 | habeas.

5 |        Proposition 36 authorizes an inmate currently serving an indeterminate term under the

6 | original Three Strikes law to petition the trial court for resentencing in light of the narrowed class

7 | of third-strike felonies for which an indeterminate sentence can be imposed.  Cal. Penal Code

8 | § 1170.126(a), (b).

9 |        In 2016, California voters approved Proposition 57 which, in pertinent part, requires that

10 | "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be

11 | eligible for parole consideration after completing the full term for his or her primary offense."

12 | Cal. Const. Art. I, § 32(a)(1).  The "full term for the primary offense" is defined as "the longest

13 | term of imprisonment imposed by the court for any offense, excluding the imposition of an

14 | enhancement, consecutive sentence, or alternative sentence."  Id., § 32(a)(1)(A).

15 |        "[F]ederal habeas corpus relief does not lie for errors of state law."  Swarthout v. Cooke,

16 | 562 U.S. 216, 219 (2011) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).  "The habeas

17 | statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state

18 | prisoner only on the ground that he is in custody in violation of the Constitution or laws or

19 | treaties of the United States.'"  Swarthout, 562 U.S. at 219 (internal citations omitted).  "'[I]t is

20 | not the province of a federal habeas court to reexamine state-court determinations on state-law

21 | questions.'"  Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (internal citations omitted).  A challenge

22 | to the provisions of a state sentencing law does not generally state a federal habeas claim.  Lewis

23 | v. Jeffers, 497 U.S. 764, 780 (1990).  Rather, a federal habeas court is bound by the state court's

24 | determination concerning the provisions of state law.  See Bradshaw v. Richey, 546 U.S. 74, 76

25 | (2005) (quoting Estelle, 502 U.S. at 67-68 ("[A] state court's interpretation of state law, including

26 | one announced on direct appeal of the challenged conviction, binds a federal court sitting in

27 | habeas corpus.")).  On federal habeas review, the question "is not whether the state sentencer

28 | committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary

1 | and capricious" as to constitute an independent due process violation.  Richmond v. Lewis, 506

2 | U.S. 40, 50 (1992).

3 |        Turning to petitioner's claim pursuant to Proposition 57, the undersigned first observes

4 | that Proposition 57 does not provide a mechanism for prisoners to be resentenced.  Rather,

5 | Proposition 57 provides for early parole consideration for certain inmates serving indeterminate

6 | sentences.

7 |        Many federal courts have found, based on Nettles v. Grounds, 830 F.3d 922 (9th Cir.

8 | 2016) (en banc), that a claim seeking parole consideration under California Proposition 57 should

9 | be raised in a civil rights complaint, rather than in a habeas petition, because success on such a

10 | claim would not necessarily result in a petitioner's immediate release from prison.  See Nettles,

11 | 830 F.3d at 935 (claims for relief that will not necessarily lead to immediate or earlier release

12 | from confinement do not fall within the core of habeas corpus.")

13 |        As one court has explained,

14 |
15 |

> Assuming arguendo that [the petitioner] wants to force prison
> officials to comply with the parole provisions of Proposition 57,
> success on his claims will not necessarily lead to immediate or
> speedier release from custody and therefore falls outside the core of

16 |

> habeas corpus. If he prevails on his claim that he is entitled to relief
> under Proposition 57, it does not necessarily follow that he will be

17 |

> released from prison on a date sooner than otherwise would occur.
> This is because Proposition 57 (if it applies to him) only makes him

18 |

> eligible for parole consideration, and does not command his release
> from prison.

19 |

20 | Travers v. People of State of California, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018); see

21 | also Johnson v. Federal Court Judges, 2020 WL 758787, at *6 (C.D. Cal. Feb. 14, 2020) (same);

22 | Sandoval v. CSP Sacramento Warden, 2019 WL 1438554 at *3 (E.D. Cal. Apr. 1, 2019) (same);

23 | Solano v. California Substance Abuse Treatment Facility, 2017 WL 5640920 at *2 (C.D. Cal.

24 | Oct. 24, 2017), Report & Recommendations adopted, 2017 WL 5641027 (C.D. Cal. Nov. 21,

25 | 2017) (same).[8]

26 | _____

27 | [8]  Proposition 57 also established new regulations that govern the ability of inmates to earn
     | custody credits to advance their parole dates.  Mansour v. CDCR, 2020 WL 1332422 at *3 n. 2

28 | (March 23, 2020).  While petitioner does not clearly allege a claim for custody credits pursuant to
     | Proposition 57, most courts have concluded that this claim falls outside the "core of habeas

1    For the reasons discussed above, the undersigned finds that petitioner's claim pursuant to

2    Proposition 57 should be dismissed because it is not properly brought in this habeas action.  In

3    Nettles, the Ninth Circuit stated that a district court may construe a habeas petition to plead a civil

4    rights claim after notifying the prisoner and obtaining his consent.  830 F.3d at 935-36.  For the

5    following reason, the undersigned finds that converting petitioner's Proposition 57 claim into a

6    federal civil rights action is not appropriate.

7    Federal courts have found that prisoner-plaintiffs failed to allege a cognizable claim under

8    Section 1983 based on alleged violations of Proposition 57 because the crux of their complaints

9    concerned an alleged violation of state law.  See, e.g., Stewart v. Borders, 2019 WL 3766557, at

10   *5 (C.D. Cal. Aug. 9, 2019); Russell v. Diaz, 2019 WL 2613592, at *3 (E.D. Cal. June 26, 2019);

11   McCarary v. Kernan, 2017 WL 4539992 (E.D. Cal. Oct. 11, 2017); Herrera v. California State

12   Superior Courts, 2018 WL 400320, at *4 (E.D. Cal. Jan. 12, 2018); Daniels v. California

13   Department of Corrections and Rehabilitation, 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018).

14   Petitioner must decide for himself whether he wants to file a civil rights action based on an

15   alleged violation of Proposition 57 and incur the greater filing fee.  The filing fee for a civil rights

16   action is $400 (with $50 of that fee reduced if the prisoner proceeds in forma pauperis).

17   Turning to petitioner's claim pursuant to Proposition 36, this claim is not cognizable

18   because it is a purely state law claim.  See Gonzales v. Johnson, 2020 WL 1274994, at *6 (C.D.

19   Cal. March 17, 2020) (dismissing claim based on Proposition 36 on the grounds it is purely state

20   law claim); Sandoval v. CSP Sacramento, 2019 WL 1438554, at *2 (E.D. Cal. Apr. 1, 2019)

21   (rejecting prisoner's claim that state court should have resentenced him under Proposition 36

22   because "alleged error of state sentencing law is not cognizable in a federal habeas proceeding");

23   Pena Acevedo v. Sec'y of Corr., 2019 WL 2030152, at *5 (C.D. Cal. Mar. 28, 2019) ("[C]ourts

24   within the Ninth Circuit have consistently held that whether an inmate is eligible for resentencing

25   under Proposition 36 is a state-law question that presents no cognizable federal claim on habeas

26   review."); Foster v. Martel, 2019 WL 1263930, at *9 (C.D. Cal. Jan. 30, 2019) (finding claim that

27   _____

28   corpus" and must be pursued in a civil rights action rather than a habeas action.  Id. (citations
     omitted).

1    state court erred in determining prisoner was an "unreasonable risk of danger to public safety"

2    under Proposition 36 was not cognizable in federal habeas corpus proceeding).

3          For the reasons discussed above, respondent's motion to dismiss petitioner's claims

4    pursuant to Propositions 36 and 57 should be granted.

5    Exhaustion of State Court Remedies

6          Respondent argues that petitioner failed to exhaust state court remedies as to his claims

7    based on Propositions 36 and 57. Respondent argues that petitioner did not raise these claims in

8    any petition filed in the California Supreme Court.

9          Because the undersigned finds that petitioner's claim pursuant to Proposition 57 is not

10   properly brought in a habeas petition and that petitioner's claim pursuant to Proposition 36 is not

11   cognizable in federal habeas, the undersigned need not reach the issue of exhaustion. See 28

12   U.S.C. § 2254(b)(2) (an application for a writ of habeas corpus may be denied on the merits,

13   notwithstanding the failure of the applicant to exhaust the remedies available in state court).

14   Third Amended Petition

15         After respondent's motion to dismiss was fully briefed, petitioner filed a third amended

16   petition. (ECF No. 105.) The third amended petition appears to contain the same three claims

17   raised in the second amended petition. The third amended petition also appears to respond to

18   arguments raised in the motion to dismiss. Accordingly, the undersigned construes petitioner's

19   third amended petition as further briefing in support of his opposition to the motion to dismiss.

20   Request for Release

21         Petitioner has filed two requests for release from custody pursuant to Rule 9. (ECF Nos.

22   106, 109.) Petitioner appears to argue that he should be released from custody because he will

23   succeed on the merits of his claims.

24         Referencing Rule 9, it appears that petitioner is referring to Federal Rule of Appellate

25   Procedure 9, which authorizes federal criminal defendants to seek appellate review of district

26   court orders regarding release either before or after judgement of conviction. Because Rule 9 is

27   not applicable to the instant action, the undersigned construes petitioner's requests for relief as

28   requests for release on bail pending resolution of his petition.

Assuming district courts have the authority to release habeas petitioner's on bail prior to the finality of the district court decision, "such pre-decisional release is possible in extraordinary circumstances…" Peterson v. Diaz, 2020 WL 1640008, at *1 (E.D. Cal. Apr. 2, 2020). These extraordinary circumstances are limited to cases involving a high probability of success or extraordinary circumstances. In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001) (quoting Land v. Deeds, 878 F.2d 318 (9th Cir. 1989)).

As discussed above, the undersigned recommends that respondent's motion to dismiss be granted. Based on these circumstances, petitioner has not demonstrated either a high probability of success or extraordinary circumstances warranting his release on bail. Accordingly, petitioner's requests for release are denied.[9]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to substitute the Warden of Avenal State Prison as respondent (ECF No. 80) is granted;

2. Petitioner's requests for release pursuant to Rule 9 (ECF Nos. 106, 109), construed as requests for release on bail, are denied.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 99) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability

---

[9] The undersigned denies petitioner's requests for release on bail by order, as release on bail is not case dispositive. See Peterson v. Diaz, 2020 WL 1640008 at *1 n. 3.

11

1   "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether

2   the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it

3   debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris

4   v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484

5   (2000)).  Any response to the objections shall be served and filed within fourteen days after

6   service of the objections.  The parties are advised that failure to file objections within the

7   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8   F.2d 1153 (9th Cir. 1991).

9   Dated:  April 22, 2020

10

11   _____
    KENDALL J. NEWMAN
12   UNITED STATES MAGISTRATE JUDGE

13   Wren251.mtd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28