UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ROSEMARY NDOH,<br><br>Respondent. | No. 2: 19-cv-0251 WBS KJN P<br><br>AMENDED FINDINGS & RECOMMENDATIONS |

Introduction

    Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 Placer County conviction for driving under the influence of alcohol (count one) and driving with a level of blood alcohol 0.08 percent or greater (count two). (ECF No. 100-5 at 1.) The trial court also found that petitioner had thee prior convictions for driving under the influence, committed his present offenses while on bail, had a prior prison term, and his two 1991 felony convictions for violating California Penal Code § 288(a) counted as strikes under California's three strikes law. (Id. at 1-2.)

    Petitioner was sentenced to 25 years-to-life on count one. (Id. at 2.) The trial court stayed the sentence on the other count and the enhancements. (Id.)

    After filing his notice of appeal, petitioner pled no contest to possession of methamphetamine in an unrelated case, for which the second court imposed a concurrent two year

1

sentence and lifted the stay on the enhancement in the instant case for committing the offense on bail, resulting in a minimum term of 27 years.  (Id. at 3 n.2.)

      This action proceeds on the second amended petition.  (ECF No. 67.)  The claims raised in the second amended petition are difficult to understand.  On November 8, 2019, the undersigned issued an order finding that the second amended petition raised the following claims: 1) petitioner's sentence violates the Eighth Amendment; 2) petitioner is entitled to resentencing pursuant to Proposition 36; and 3) petitioner is entitled to resentencing pursuant to Proposition 57.  (ECF No. 73.)  The undersigned ordered respondent to respond to these three claims.  (Id.)

      Pending before the court is respondent's motion to dismiss.  (ECF No. 99.)  Respondent raises the following arguments:  1) the petition is untimely; 2) petitioner's claims for resentencing pursuant to Propositions 36 and 57 are not exhausted; and 3) petitioner's claims for resentencing pursuant to Propositions 36 and 57 fail to state cognizable federal claims.

      On April 22, 2020, the undersigned recommended that respondent's motion to dismiss be granted.  However, petitioner has filed another habeas corpus petition in this court challenging his 2008 Placer County drunk driving conviction, 2:20-cv-599 WBS KJN P.  The undersigned intended to dismiss case 20-cv-599 as duplicative of the instant action because it appeared to raise the same claims.  However, upon further review, it appears that case 20-cv-599 raises a claim not raised in the instant action, i.e., the trial court abused its discretion when it denied petitioner's motion to dismiss a prior conviction pursuant to California Penal Code 1385.[1]  Accordingly, the undersigned ordered the Clerk of the Court to file the petition that was filed in case 20-cv-599 as an amended petition in the instant action.  (See ECF No. 116 (amended petition originally filed in case 20-cv-599).)

      For the reasons stated herein, the undersigned again recommends that respondent's motion to dismiss be granted.  The undersigned also recommends that petitioner's claim alleging that the trial court abused its discretion when it denied his motion to dismiss a prior conviction be

---

[1] The petition filed in case 20-cv-599 raises four claims.  The petition is difficult to understand.  Claims 1, 3 and 4 appear to argue that petitioner's sentence violates the Eighth Amendment.  Claim 2 alleges that the trial court abused its discretion when it denied petitioner's motion to dismiss a prior conviction.

2

dismissed on the grounds that that it is barred by the statute of limitations. In an abundance of caution, the undersigned alternatively recommends that this claim be dismissed on the merits, because respondent's motion to dismiss does not address this claim. See Rule 4, Rules Governing Section 2254 Cases (if it plainly appears from face of the petition and exhibits that petitioner is not entitled to relief, the district court may summarily dismiss the petition); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001) (when untimeliness is obvious on the face of the petition, the district court has the authority to raise the statute of limitations sua sponte and dismiss the petition on that ground; however, that authority should be exercised only after the court provides the petitioner with adequate notice and an opportunity to respond).

Statute of Limitations

Title 28 U.S.C. § 2244 mandates a one-year statute of limitations within which an inmate must file a federal habeas corpus petition, subject to tolling provisions and certain exceptions. It states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

      Respondent argues that the statute of limitations in the instant case is calculated pursuant to 28 U.S.C. § 2244(d)(1)(A), i.e., the date petitioner's conviction became final.  The undersigned finds that the statute of limitations for petitioner's Eighth Amendment claim and claim alleging that the trial court abused its discretion in denying his motion to dismiss his prior conviction is calculated pursuant to 28 U.S.C. § 2244(d)(1)(A).  However, the statute of limitations for petitioner's claims based on Propositions 36 and 57 is calculated pursuant to 28 U.S.C. § 2244(d)(1)(D).

      "Petitioner's opportunity to seek resentencing [pursuant to Proposition 36] arose with California's adoption of Proposition 36 on November 7, 2012."  Fadden v. Vasquez, 2017 WL 3720045, at *3 (E.D. Cal. Aug. 29, 2017).  "Its provisions became effective the next day."  Id.  Pursuant to 28 U.S.C. § 2244(d)(1)(D), petitioner had one year from the effective date of Proposition 36 to file a timely federal petition.

      Proposition 57 was approved by voters on November 8, 2016, and became effective the next day.  Chavez v. Davey, 2019 WL 2062539, at *2 (C.D. Cal. March 2019).  Pursuant to 28 U.S.C. § 2244(d)(1)(D), petitioner had one year from the effective date of Proposition 57 to file a timely federal petition.

      Because respondent does not address whether petitioner's claims pursuant to Propositions 36 and 57 are timely pursuant to 28 U.S.C. § 2244(d)(1)(D), the undersigned finds that respondent has not demonstrated that these claims are not timely.  Accordingly, the motion to dismiss petitioner's claims pursuant to Propositions 36 and 57 as untimely should be denied.

      Turning to petitioner's Eighth Amendment claim and claim alleging that the trial court abused its discretion in denying his motion to dismiss his prior conviction, the California Supreme Court denied review on July 29, 2009.  (ECF No. 100-7.)  Therefore, petitioner's conviction was final when the ninety-day period for filing a petition for writ of certiorari expired on October 27, 2009.  Velasquez v. Kirkland, 639 F.3d 964, 965 (9th Cir. 2011).  The statute of limitations commenced the following day, October 28, 2009.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Respondent argues that the statute of limitations ran on October 27,

2010, and that the instant action, filed January 23, 2019, is not timely.[2]  (See ECF No. 1 at 15.)

The undersigned finds that petitioner's Eighth Amendment claim and claim alleging that the trial court abused its discretion in denying his motion to dismiss his prior conviction are not timely unless petitioner is entitled to statutory or equitable tolling.[3]

Respondent argues that petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because petitioner failed to file any state post-conviction collateral actions challenging the at-issue judgment within the one-year limitation period.  Respondent correctly argues that petitioner's first three state habeas petitions filed and denied before the statute of limitations began to run on October 28, 2009, as discussed herein, do not qualify for statutory tolling.  Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (Although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing.")

Petitioner filed a habeas corpus in the Placer County Superior Court on July 16, 2009, which the court denied on August 13, 2009.[4]  (ECF Nos. 100-8, 100-9.)  Petitioner filed a habeas corpus petition in the Placer County Superior Court on August 12, 2009, which the court denied on September 1, 2009.  (ECF Nos. 100-10, 100-11.)  Petitioner filed a habeas corpus petition in Placer County Superior Court on September 23, 2009, which the court denied on October 16,

---

[2]  The undersigned calculates the filing date of this action based on the mailbox rule.

[3]  In the appeal filed in the California Court of Appeal, petitioner argued that his sentence was unconstitutional and that the trial court abused its discretion, under state law, when it denied his motion to dismiss his prior conviction.  (ECF No. 100-5.)  On May 21, 2009, the California Court of Appeal found that petitioner forfeited his claim alleging that his sentence was cruel and/or unusual by failing to raise this issue in the trial court.  (Id. at 7.)  Instead, the California Court of Appeal, "confine[d] [itself] to stating the rigorous criteria for finding a constitutional violation, and making the observation that the defendant does not satisfy them."  (Id. at 8.)  The California Court of Appeal found that petitioner's sentence did not violate the Eighth Amendment.  (Id. at 9, n. 4.)  The California Court of Appeal also found that the trial court did not abuse its discretion when it denied petitioner's motion to strike his prior conviction.  (Id. at 3-7.)

[4]  The motion to dismiss lists petitioner's twenty-seven state court petitions.  (ECF No. 99 at 2-7.)  The court appreciates this information.

2009.  (ECF Nos. 100-12, 100-13.)  Because these petitions were filed and denied before the statute of limitations commenced on October 28, 2009, these petitions do not qualify for statutory tolling.

Petitioner did not file his fourth state habeas petition until October 11, 2011, which was nearly one year after the statute of limitations ran on October 27, 2010.  (ECF No. 100-14.)  Because petitioner did not file his fourth (and later) state habeas petitions until after the statute of limitations ran, respondent correctly argues that petitioner is not entitled to statutory tolling for these state petitions.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244 does not permit the re-initiation of the limitations period that has ended before the state petition was filed.")

As observed by respondent, petitioner previously filed federal petitions challenging his 2008 Placer County drunk driving conviction, case 2:10-cv-1735 MCE EFB P, case 2:10-1924 FCD KJN P, case 2:11-cv-2823 KJM EFB P.[5]  The court dismissed case 10-1735 on February 7, 2011, after petitioner failed to file an opposition to respondent's motion to dismiss, which argued that petitioner failed to exhaust state court remedies.  The court dismissed case 10-1924 on January 10, 2011, as duplicative of case 10-1735.  The court dismissed case 11-2823 on June 19, 2012, for failing to file an in forma pauperis affidavit.  Respondent correctly observes that these federal habeas petitions do not toll the statute of limitations.  Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (a pending federal habeas petition does not statutorily toll the statute of limitations).

For the reasons discussed above, petitioner is not entitled to statutory tolling as to his Eighth Amendment claim and claim alleging that the trial court abused its discretion when it denied his motion to strike his prior conviction.  Thus, these claims are barred by the statute of limitations absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in

---

[5]  The court may take judicial notice of court records.  Mullis v. United States Bank Ct., 828 F.2d 1385 n.9 (9th Cir. 1987).

1  appropriate circumstances.  Holland v. Florida, 560 U.S. 631, 645-49 (2010).  However,
2  application of the equitable tolling doctrine is the exception rather than the norm.  See, e.g.,
3  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth
4  Circuit's "application of the doctrine" as "sparing" and a "rarity"); Miles v. Prunty, 187 F.3d
5  1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").

6      A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been
7  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and
8  prevented timely filing."  Holland, 560 U.S. at 649 (citation omitted); see also Pace v.
9  DiGuglielmo, 544 U.S. 408, 418 (2005).  Both elements must be met.  See 544 U.S. at 418
10 (finding that the petitioner was not entitled to equitable tolling, because he had not established the
11 requisite diligence).  A petitioner seeking application of the doctrine bears the burden of showing
12 that it should apply.  Id.; see also Lawrence v. Florida, 549 U.S. 327, 336 (2007) (to receive
13 equitable tolling, the petitioner must prove the above two requirements).

14     In response to the motion to dismiss, petitioner filed two oppositions.  (ECF Nos. 104,
15 107.)  In addition to the oppositions, petitioner filed other pleadings after the motion to dismiss
16 was filed.  (ECF Nos. 101, 102, 105, 106, 109).  None of these pleadings contain a clear argument
17 for equitable tolling as to petitioner's Eighth Amendment claim.[6]  These pleadings also do not
18 address why petitioner did not timely file a federal petition raising his claim alleging that the trial
19 court abused its discretion when it denied his motion to strike.  For these reasons, petitioner is not
20 entitled to equitable tolling as to these claims.[7]

21     Accordingly, for the reasons discussed above, the undersigned finds that petitioner's
22 Eighth Amendment claim and claim alleging that the trial court abused its discretion when it

---

[6] Petitioner's February 12, 2020 pleading docketed as "Request to Amend Tolling" (ECF No. 102), may be raising claims for equitable tolling as to petitioner's claims pursuant to Propositions 36 and 57.

[7] Petitioner's pleadings suggest that petitioner is ignorant of the law.  However, petitioner's ignorance of the law is not a basis for equitable tolling.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding ignorance of the law" and "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")

denied his motion to strike his prior conviction are barred by the statute of limitations.

Are Petitioner's Claims Pursuant to Propositions 36 and 57 Cognizable?

Petitioner argues that he is entitled to resentencing pursuant to Propositions 36 and 57. Respondent moves to dismiss these claims on the grounds that they are not cognizable in federal habeas.

Proposition 36 authorizes an inmate currently serving an indeterminate term under the original Three Strikes law to petition the trial court for resentencing in light of the narrowed class of third-strike felonies for which an indeterminate sentence can be imposed. Cal. Penal Code § 1170.126(a), (b).

In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, § 32(a)(1). The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A).

"[F]ederal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). "The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout, 562 U.S. at 219 (internal citations omitted). "'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (internal citations omitted). A challenge to the provisions of a state sentencing law does not generally state a federal habeas claim. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Rather, a federal habeas court is bound by the state court's determination concerning the provisions of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (quoting Estelle, 502 U.S. at 67-68 ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")). On federal habeas review, the question "is not whether the state sentencer

committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary and capricious" as to constitute an independent due process violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Turning to petitioner's claim pursuant to Proposition 57, the undersigned first observes that Proposition 57 does not provide a mechanism for prisoners to be resentenced. Rather, Proposition 57 provides for early parole consideration for certain inmates serving indeterminate sentences.

Many federal courts have found, based on Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc), that a claim seeking parole consideration under California Proposition 57 should be raised in a civil rights complaint, rather than in a habeas petition, because success on such a claim would not necessarily result in a petitioner's immediate release from prison. See Nettles, 830 F.3d at 935 (claims for relief that will not necessarily lead to immediate or earlier release from confinement do not fall within the core of habeas corpus.")

As one court has explained,

> Assuming arguendo that [the petitioner] wants to force prison officials to comply with the parole provisions of Proposition 57, success on his claims will not necessarily lead to immediate or speedier release from custody and therefore falls outside the core of habeas corpus. If he prevails on his claim that he is entitled to relief under Proposition 57, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. This is because Proposition 57 (if it applies to him) only makes him eligible for parole consideration, and does not command his release from prison.

Travers v. People of State of California, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018); see also Johnson v. Federal Court Judges, 2020 WL 758787, at *6 (C.D. Cal. Feb. 14, 2020) (same); Sandoval v. CSP Sacramento Warden, 2019 WL 1438554 at *3 (E.D. Cal. Apr. 1, 2019) (same); Solano v. California Substance Abuse Treatment Facility, 2017 WL 5640920 at *2 (C.D. Cal. Oct. 24, 2017), Report & Recommendations adopted, 2017 WL 5641027 (C.D. Cal. Nov. 21, 2017) (same).[8]

---

[8] Proposition 57 also established new regulations that govern the ability of inmates to earn custody credits to advance their parole dates. Mansour v. CDCR, 2020 WL 1332422 at *3 n. 2

1       For the reasons discussed above, the undersigned finds that petitioner's claim pursuant to
2  Proposition 57 should be dismissed because it is not properly brought in this habeas action.  In
3  Nettles, the Ninth Circuit stated that a district court may construe a habeas petition to plead a civil
4  rights claim after notifying the prisoner and obtaining his consent.  830 F.3d at 935-36.  For the
5  following reason, the undersigned finds that converting petitioner's Proposition 57 claim into a
6  federal civil rights action is not appropriate.
7       Federal courts have found that prisoner-plaintiffs failed to allege a cognizable claim under
8  Section 1983 based on alleged violations of Proposition 57 because the crux of their complaints
9  concerned an alleged violation of state law.  See, e.g., Stewart v. Borders, 2019 WL 3766557, at
10 *5 (C.D. Cal. Aug. 9, 2019); Russell v. Diaz, 2019 WL 2613592, at *3 (E.D. Cal. June 26, 2019);
11 McCarary v. Kernan, 2017 WL 4539992 (E.D. Cal. Oct. 11, 2017); Herrera v. California State
12 Superior Courts, 2018 WL 400320, at *4 (E.D. Cal. Jan. 12, 2018); Daniels v. California
13 Department of Corrections and Rehabilitation, 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018).
14 Petitioner must decide for himself whether he wants to file a civil rights action based on an
15 alleged violation of Proposition 57 and incur the greater filing fee.  The filing fee for a civil rights
16 action is $400 (with $50 of that fee reduced if the prisoner proceeds in forma pauperis).
17      Turning to petitioner's claim pursuant to Proposition 36, this claim is not cognizable
18 because it is a purely state law claim.  See Gonzales v. Johnson, 2020 WL 1274994, at *6 (C.D.
19 Cal. March 17, 2020) (dismissing claim based on Proposition 36 on the grounds it is purely state
20 law claim); Sandoval v. CSP Sacramento, 2019 WL 1438554, at *2 (E.D. Cal. Apr. 1, 2019)
21 (rejecting prisoner's claim that state court should have resentenced him under Proposition 36
22 because "alleged error of state sentencing law is not cognizable in a federal habeas proceeding");
23 Pena Acevedo v. Sec'y of Corr., 2019 WL 2030152, at *5 (C.D. Cal. Mar. 28, 2019) ("[C]ourts
24 within the Ninth Circuit have consistently held that whether an inmate is eligible for resentencing
25 under Proposition 36 is a state-law question that presents no cognizable federal claim on habeas

---

(March 23, 2020).  While petitioner does not clearly allege a claim for custody credits pursuant to Proposition 57, most courts have concluded that this claim falls outside the "core of habeas corpus" and must be pursued in a civil rights action rather than a habeas action.  Id. (citations omitted).

10

review."); Foster v. Martel, 2019 WL 1263930, at *9 (C.D. Cal. Jan. 30, 2019) (finding claim that state court erred in determining prisoner was an "unreasonable risk of danger to public safety" under Proposition 36 was not cognizable in federal habeas corpus proceeding).

For the reasons discussed above, respondent's motion to dismiss petitioner's claims pursuant to Propositions 36 and 57 should be granted.

Exhaustion of State Court Remedies

Respondent argues that petitioner failed to exhaust state court remedies as to his claims based on Propositions 36 and 57. Respondent argues that petitioner did not raise these claims in any petition filed in the California Supreme Court.

Because the undersigned finds that petitioner's claim pursuant to Proposition 57 is not properly brought in a habeas petition and that petitioner's claim pursuant to Proposition 36 is not cognizable in federal habeas, the undersigned need not reach the issue of exhaustion. See 28 U.S.C. § 2254(b)(2) (an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in state court).

Alleged Failure to Strike Prior Conviction

Petitioner alleges that the trial court abused its discretion in declining to strike one of his prior convictions used to impose the Three Strikes Sentence. Petitioner raised this claim before the California Court of Appeal but not in the petition for review filed in the California Supreme Court. (ECF Nos. 100-5, 100-6.) Thus, it is not clear whether this claim is exhausted. However, because this claim is without merit, the undersigned addresses this claim even if it not exhausted. 28 U.S.C. § 2254(b)(2) (petition may be denied, but not granted, notwithstanding failure to exhaust).

The California Court of Appeal denied this claim for the reasons stated herein:

> Shortly before trial, defense counsel had filed a renewed request for the court to exercise its discretion under section 1385 to dismiss one of the section 667 recidivist allegations, because they were remote in time without any similar criminal conduct in the intervening fifteen years. [Footnote one omitted.] At the sentencing hearing, the court indicated that it had difficulties imposing a life term in prison for drunken driving, but after an extensive explanation of its thinking it ultimately declined to strike one of the section 667 recidivist findings because the defendant's history of driving under the influence

11

presented an ongoing threat to others and did not take him outside the spirit of the law requiring an enhanced sentence. The court imposed a minimum indeterminate sentence of 25 years on one count and stayed the sentence on the other count and the other enhancements. [Footnote 2 omitted.]

…

DISCUSSION

Section 1385

A court may exercise its discretion under section 1385 to strike an allegation or finding that a prior conviction comes within the meaning of section 667, subdivision (d) only if, *and only if*, a defendant can be "deemed outside the … spirit" of the statute, without any consideration of "extrinsic" factors such as court congestion or antipathy to the sentencing consequences for the defendant, and giving "preponderant weight" to factors inherent in the statute such as the nature and circumstances of the present and previous *felony convictions*, and the defendant's own background, character, and prospects. (People v. Williams (1998) 17 Cal.4th 148, 161.) We therefore turn to the evidence in the record on these criteria.

A. Present offense and criminal record

Not surprisingly, the facts underlying the offense are few. After a neighbor reported difficulty maneuvering around a truck parked toward the middle of a narrow rural road with its running lights on at 2:00 a.m., officers from the highway patrol responded and found the defendant inside. The hood of the truck was cold to the touch. When they were able to rouse him, the defendant admitted having a few beers at a friend's house. He claimed the truck died in the roadway in front of his nearby house. There was a strong smell of alcohol. When the defendant was unable to satisfy various field sobriety tests, the officers arrested him. Tests on blood drawn at 3:35 a.m. indicated an alcohol level of 0.19 percent.

The two incidents underlying the 1991 felony convictions for violating section 288, subdivision (a), occurred in January 1989 when the defendant was 18 and intermittently staying in the home of a friend. The victim was the friend's younger sister, who was under 14 years of age when the defendant began touching her inappropriately. He eventually engaged in intercourse with her on several occasions without force or violence. After waiving his right to a preliminary examination, the defendant entered his pleas of no contest in July 1991 in exchange for the dismissal of three other counts and a grant of probation with a condition of jail time. The court, with some reluctance, approved the plea bargain. The defendant lacked a high-school diploma and doctors had already identified a problem with alcohol abuse (which included three Plumas and Fresno County convictions for drunken driving). His older brother was in state prison for "similar behavior."

12

In September 1992, the defendant committed a violation of probation, having been found passed out in a Folsom restaurant's bathroom with a gun in his pocket. He also entered a plea of guilty to drunken driving in Montana in October 1995. In December 1995, the defendant admitted these two violations of probation. [Footnote 3.] The court revoked probation and ordered the execution of the previously imposed sentence of eight years in prison. The court also warned the defendant that any future felony conviction would result in a term of 25 years to life.

> [Footnote 3: In November 2006, the Sacramento County District Attorney dismissed the charge underlying the admitted 1992 violation for insufficient evidence.]

The defendant's parole was revoked three times: in 2000 (for failing to register as a sex offender), in November 2001, and in December 2002 (both involving a violation of his parole restrictions on alcohol). After his release from parole in June 2003, he incurred convictions for drunken driving in October 2003, January 2004, and February 2006 in Lake and Plumas County, and for hit-and-run driving in Plumas County in April 2004. In each of the latter three cases, he was driving on a suspended license. In the unrelated case for which he was on bail at the time of the present offense, he was convicted of possessing 0.22 grams of methamphetamine.

B. Background, Character, and Prospects

The defendant asserted that at 38 years old, his criminal record reflected only misdemeanors involving alcohol abuse without any further commission of sexual offenses, or any other serious or violent felonies. He had supportive family, was willing now to take seriously his need of treatment for his addiction, and had been gainfully employed consistently in the logging and construction trades. While the prosecutor did not dispute these factors, he noted they had not prevented the defendant's continuing criminal behavior over the years.

C. Analysis

The burden is on the defendant to demonstrate that the trial court's decision was irrational or arbitrary, rather than merely being one of alternative reasonable readings of the facts before the court. (People v. Carmony (2004) 33 Cal.4th 367, 377.) The defendant has failed to meet that burden.

The trial court's decision was far from arbitrary. It was only with the utmost reluctance that it declined to strike a recidivist finding, concluding that the defendant's previous eight-year sentence was insufficient to deter him from putting others at risk with his alcohol abuse even under the express warning of a life sentence and therefore the nine-year term that would apply in the absence of one of the recidivist findings would not be sufficient. Moreover, he had not demonstrated such a law-abiding character in the intervening years that he could not be considered the sort of recidivist at whom the

13

> Legislature and the public had aimed with the statute. While it is possible that some jurists might reasonably have decided to strike the finding (although it is questionable whether that would survive scrutiny under Williams), we cannot say that it was unreasonable for the trial court to come to the contrary conclusion. (See, by comparison, People v. Cluff (2001) 87 Cal.App.4th 991, 994, 1004 [suggesting failure to strike recidivist finding would be an abuse of discretion where present offense is only a technical failure to update offender registration with duplicative data].)

(ECF No. 100-5 at 2-7.)

Petitioner's claim is not cognizable under federal habeas corpus review because it is an alleged error of state law. 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011). In similar cases, district courts have held that a trial court's alleged abuse of discretion in denying a motion to strike a prior conviction under state law does not state a ground for federal habeas corpus relief. Jones v. Lizarraga, 2017 WL 6755915, at *12 (C.D. Cal. Nov. 15, 2017); Barnes v. Hubbard, 2014 WL 4978435, at *3–4 (C.D. Cal. Oct. 6, 2014) (claim that trial court abused its discretion by declining to strike one of the petitioner's prior convictions was not cognizable on federal habeas review).

Petitioner may not transform a state-law issue into a federal one simply by asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). To state a cognizable claim for federal habeas corpus relief based on a state sentencing error, the error must be "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992); see also Moore v. Chrones, 687 F. Supp.2d 1005, 1041 (C.D. Cal. 2010) (claim of state sentencing error not cognizable unless error was so arbitrary and capricious as to rise to level of due process violation (citing Richmond, 506 U.S. at 50)).

The undersigned finds that petitioner has not demonstrated that the trial court's decision not to strike one of his prior convictions was arbitrary and/or capricious. The California Court of Appeal noted that the trial court declined to strike a recidivist finding "only with the utmost reluctance." The California Court of Appeal noted that petitioner's previous eight-year-sentence was insufficient to deter him from putting others at risk with his alcohol abuse even under the express warning of a life sentence. Based on these circumstances, the undersigned finds that petitioner has not demonstrated that the California courts arbitrarily and/or capriciously applied

14

state law when declining to strike one of his prior convictions. Accordingly, petitioner's claim of sentencing error is without merit.

Third Amended Petition

After respondent's motion to dismiss was fully briefed, petitioner filed a third amended petition. (ECF No. 105.) The third amended petition appears to contain the same three claims raised in the second amended petition. The third amended petition also appears to respond to arguments raised in the motion to dismiss. Accordingly, the undersigned construes petitioner's third amended petition as further briefing in support of his opposition to the motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED:

1. Petitioner's claim alleging sentencing error based on the trial court's failure to strike a prior conviction be dismissed for the reasons stated above;

2. Respondent's motion to dismiss (ECF No. 99) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 4, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wren251.mtd(amd)