UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN, | No. 2: 20-cv-0599 WBS KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF AVENAL STATE PRISON, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On April 29, 2020, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C.§ 2254 was filed as an amended petition in petitioner's earlier-filed action, Wren v. Ndoh, No. 2:19-cv-0251 WBS KJN P (E.D. Cal.), and the instant case was closed. Petitioner challenged the same 2008 Placer County drunk driving conviction in both cases, so it was important that petitioner proceed in the earlier-filed action. On June 9, 2020, petitioner's earlier action was also dismissed, but the district court granted a certificate of appealability on the question of whether petitioner is entitled to statutory or equitable tolling. Case No. 2:19-cv-0251 WBS KJN (ECF No. 131 at 2.) Since the earlier action was dismissed, petitioner has filed nothing further in Case No. 2:19-cv-0251 WBS KJN. Id.

However, since the termination of the instant action, petitioner continues to file myriad documents seeking his release from state prison, and often raising the issue of the timeliness of

his habeas challenge, and his efforts to challenge his 2008 conviction.  (See, e.g., ECF Nos. 18-19; 23-24; 26-27.)  On June 29, 2020, petitioner filed a supplement and a declaration, and on July 6, 2020, petitioner filed another request for release.

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."  Fed. R. App. P. 3(a)(1).  The notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."  Fed. R. App. P. 4(a)(5)(C).

Following review of both cases, and in an abundance of caution, the undersigned liberally construes petitioner's recent filings in this action (ECF Nos. 28, 29 & 30) as petitioner's request for an extension of time to file an appeal in his earlier-filed action, No. 2:19-cv-0251 WBS KJN.  Such request for extension is timely because the documents were filed within thirty days from June 9, 2020, the date judgment was entered in petitioner's earlier-action.  The undersigned also finds that petitioner negligently filed his documents in the instant case rather than his earlier-filed case, which justifies the granting of the extension of time.

Judgment was entered on June 9, 2020, and a timely notice of appeal was due July 9, 2020.  However, Rule 4(a)(5)(C) allows this court to extend the deadline to either thirty days after the initial appeal deadline, which would be August 8, 2020, or fourteen days from the date of this order, whichever is longer.  Because August 8, 2020, is a longer period, petitioner is granted up to and including August 8, 2020, in which to file his notice of appeal.  Of course, petitioner may file his notice of appeal earlier.

That said, petitioner is cautioned that this court has no discretion to grant petitioner more time to file an appeal.  Because petitioner is being granted the additional thirty days, Rule 4(a)(5)(C) precludes any further extensions.  Fed. R. App. P. 4(a)(5)(C) ("No extension under this

2

Rule 4(a)(5) may exceed 30 days after the prescribed time.)  Thus, in order to assist petitioner in filing his notice of appeal in the proper action, the court will provide petitioner a form to do so, which is appended.  In other words, no further extensions of time will be granted because the court has no authority to do so.  Id.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to (a) file petitioner's recent filings in this action (ECF Nos. 28, 29 & 30) as petitioner's request for an extension of time to file an appeal in Case No. 2:19-cv-0251 WBS KJN (for example, as docket entries 133-1, 133-2, 133-3); (b) file a copy of the instant order in Case No. 2:19-cv-0251 WBS KJN; and (c) serve petitioner a copy of the court's docket sheet for Case No. 2:19-cv-0251 WBS KJN.

2. Petitioner is granted up to and including August 8, 2020, in which to file a notice of appeal in his earlier-filed case, Case No. 2:19-cv-0251 WBS KJN P.

Dated: July 10, 2020

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wren0599.ext.app

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>            Petitioner,<br><br>   v.<br><br>WARDEN ROSEMARY NDOH,<br><br>            Respondent. | No.  2:19-cv-0251 WBS KJN P<br><br><br>NOTICE OF APPEAL |

      Judgment was entered on June 9, 2020, and petitioner was recently granted an extension of time in which to file an appeal.  Petitioner seeks to appeal this case to the Court of Appeals for the Ninth Circuit.

DATED:

                                                                                                   _____
                                                                                                   Petitioner