UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN, | No. 2:19-cv-0251 WBS KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN ROSEMARY NDOH, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 9, 2020, the amended findings and recommendations (ECF No. 120) were adopted, petitioner's claim alleging sentencing error based on the trial court's failure to strike a prior conviction was dismissed, respondent's motion to dismiss (ECF No. 99) was granted, and the district court issued the certificate of appealability on the question of whether petitioner is entitled to statutory or equitable tolling. (ECF No. 131.)

On July 10, 2020, petitioner was granted an extension of time until August 8, 2020, to file a notice of appeal. On August 5, 2020, petitioner filed a document the undersigned construes as a notice of appeal.

////

1

In addition, petitioner contends that a magistrate judge ordered petitioner's release from prison based on petitioner's belief that his "traffic crime" was a misdemeanor, not a felony, and he has served his 90 days. (ECF No. 35 at 2-3.) Petitioner is mistaken. The undersigned has not recommended that petitioner be released from prison. Petitioner refers to an "ECF No. 80," but that number was assigned to petitioner's motion to substitute respondent and is not a court order.

As discussed in the amended findings and recommendations, petitioner is serving a sentence of 27 years-to-life. Such sentence is not based solely on petitioner's last conviction for driving under the influence of alcohol and driving with a level of blood alcohol 0.08 percent or greater. Rather, petitioner's sentence was enhanced based on his prior criminal history: three prior convictions for driving under the influence, that petitioner committed the last offense while on bail, that petitioner had served a prior prison term, and that petitioner's two 1991 felony convictions for violating California Penal Code section 288 subdivision (a), fell within California Three Strikes Law, Penal Code section 667. (ECF No. 100-5 at 1-2.) While the sentencing judge expressed difficulties imposing a life term in prison for driving under the influence, the state court judge declined to strike one of the recidivist findings due to petitioner's "history of driving under the influence presented an ongoing threat to others and did not take him outside the spirit of the law requiring an enhanced sentence." (ECF No. 100-5 at 2.)

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's August 5, 2020 filing (ECF No. 135) is construed as a notice of appeal;

2. The Clerk of the Court is directed to process petitioner's appeal; and

3. Pursuant to the district court's June 9, 2020 order (ECF No. 131), the certificate of appealability referenced in 28 U.S.C. § 2253 is issued on the question of whether petitioner is entitled to statutory or equitable tolling.

Dated: August 11, 2020

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wren0251.app